IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Wallake Power System, LLC,

    Plaintiff,

v.

Engine Distributors, Inc. and Jerry Kosner,

    Defendants.

Case No: 2:18-cv-423

Judge Graham

Magistrate Judge Deavers

Order

This matter is before the court on the request contained in defendants' trial brief for a pre-trial ruling that defendants are entitled to judgment as a matter of law concerning whether the allegedly defamatory statements are actionable.

Defendants are correct that it is the court's role to determine whether allegedly defamatory statements are actionable. See Croce v. New York Times, 930 F.3d 787, 792 (6th Cir. 2019). A statement is actionable if it is a false statement of fact about a person or business which tends to harm or injure the reputation of the person or subject them to public hatred, contempt, ridicule, shame or disgrace or adversely affect them in their business, trade or profession. See American Chemical Society v. Leadscope, Inc., 133 Ohio St. 3d 366, 389, 978 N.E.2d 832, 852 (Ohio 2012).

The court, however, has already denied defendants' motion for summary judgment in which defendants argued that the accusations at issue were not false or deceptive and argued that the accusations were not of the type which harmed or injured plaintiff. See Doc. 46. The court reviewed the evidence and found it to be sufficient to support a reasonable inference that defendants' accusations were false statements of fact – evidence tending to show that plaintiff complied with EPA regulations. The court also found that the nature of the accusations were such that they fell into the category of defamation *per se*, for which evidence of causation of injury was not required because they tended on their face to injure plaintiff in its trade or business of upfitting and shipping engines to its customers. In addition, the court found that plaintiff had, in any event, produced evidence supporting a conclusion that the accusations had caused Ford Component Sales to terminate its business relationship with plaintiff.

In their trial brief, defendants argue that the accusations were substantially true. They argue that plaintiff did in fact ship an engine without an emissions sticker or decal affixed. This argument misses the mark because it's referring to an incident that was not the subject of the accusations. The accusations relate to engines that were prepared and shipped in 2015. With respect to these engines, defendants accused plaintiff of "being in direct violation" of EPA regulations and being "non-compliant." Plaintiff has produced evidence to support its contention that it did in fact properly obtain EPA certifications for the engines at issue. Defendant's argument refers to a separate incident in 2013 in which plaintiff shipped an engine without an emissions sticker affixed because plaintiff believed the engine was intended for export outside the United States and not required to have an emissions sticker.

Defendants next seek refuge in the innocent construction rule, whereby a statement "reasonably susceptible to both a defamatory and an innocent meaning must be construed, as a matter of law, to have an innocent meaning." McGee v. Simon & Schuster, 154 F.Supp.2d 1308, 1313 n.4 (S.D. Ohio 2001). However, defendants do not establish how this rule would apply here. It is alleged that defendants accused the plaintiff of directly violating EPA regulations and illegally shipping engines. Defendants have not explained how such statements are reasonably susceptible to an innocent meaning.

Finally, defendants argue that their statements were merely opinions. It is true that statements about ethics and professionalism, and about suspect or concerning conduct, are largely viewed as expressing an opinion. See Croce v. New York Times Co., 345 F. Supp. 3d 961, 990 (S.D. Ohio 2018) (citing cases), *aff'd*, 930 F.3d 787 (6th Cir. 2019). Again, however, defendants made express accusations of illegal conduct. The statements were not couched in qualifying language.

Accordingly, defendants' request for a pre-trial entry of judgment as a matter of law is denied.

                                               s/ James L. Graham
                                               JAMES L. GRAHAM
                                               United States District Judge

DATE: December 9, 2019